# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
2001 MAY -1 P 4: 07

JOHN B. WELLS and : CIVIL ACTION
TRANSPORTATION INSURANCE
COMPANY/CNA, :

    Plaintiffs, :

       v. :

DURANGO GEORGIA :
PAPER COMPANY,
     :
    Defendant.        NO. CV202-085

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiffs, John B. Wells and Transportation Insurance Company/CNA, filed the above captioned case against Durango Georgia Paper Company ("Durango"), asserting negligence claims under Georgia law.

The parties have consented to a bench trial by filing opposing written submissions. The case is before the Court to determine Defendant's liability for Wells' alleged injuries. Because Wells' comparative negligence exceeded Durango's negligence, the Court will enter judgment in Defendant's favor.

# FINDINGS OF FACT

1. Durango operated a paperboard mill in St. Marys, Georgia.

2. In 2000, Durango subcontracted with North American Kiln Services, LLC ("NAK") to repair, at Durango's facility, a lime kiln, which is a large oven used in the mill's commercial operations.

3. Wells was a NAK contractor, and began work at the Durango plant on or about May 22, 2000.

4. Wells was an experienced ironworker, having worked in this field since 1972.

5. Before working at Durango, Wells worked at eight to ten paper mills, and had worked at between thirty and fifty plants.

6. Wells received extensive safety training through the ironworkers' union to which he belonged.

7. Wells knew how to use an escape respirator, and admitted that this safety equipment is easy to use and can be put on in a few seconds.

8. The first thing that Durango and the NAK workers did during the subcontractors' initial safety meeting was to pass out escape respirator breathing apparatuses to the NAK workers.

2

9.  According to Wells, the first thing he notes when reporting for work is the location of the smokestacks on site. Wells understood the importance of knowing the wind direction at the paper mill.

10. Wells testified that he knew that his evacuation route depended on the direction of the wind. At Durango, two evacuation routes were established, with one route being toward the main gate, and the other route being in the opposite direction.

11. On June 2, 2000, a number of Wells' NAK coworkers were exposed to chlorine dioxide gas as a result of an accident that occurred at Durango.

12. On June 3, 2000, a safety meeting was held at Durango to discuss ways to prevent future exposure incidents. Durango's representatives and the NAK workers agreed that Durango employees would monitor plant conditions while NAK employees were working on the kiln, and that the NAK workers would be evacuated at any time it was possible that they could be exposed to a harmful gas.

13. On June 4, 2000, NAK employees, including Wells, were working on the kiln.

AO 72A
(Rev. 8/82)

14. Wells and his coworkers on the day shift were evacuated on two or three occasions without incident that day.

15. Later that afternoon, Durango employees, Ben Smith and Brad Foreman, were disconnecting a railcar that contained chlorine gas. The railcar was located about 265 feet from where Wells was working.

16. Smith and Foreman believed that the railcar was empty, as a pressure gauge showed as much. Before Smith and Foreman uncoupled the railcar, Durango employee, Chris Cox, notified Wells to evacuate.

17. Wells did not check the wind direction by looking at the smokestacks prior to evacuating.

18. Instead, despite Wells' training and experience as an ironworker, he evacuated to the place where he had evacuated earlier in the day, toward the railcar.

19. However, the direction of the wind had changed, and Wells inhaled chlorine gas about twice, passed out, and fell to the ground.

20. Wells did not have his escape respirator in place at the time he started to evacuate, nor was he wearing it when he succumbed to the gas.

21. Durango conducted numerous tests on its alarm system on June 3, 4, and 5, 2000, all of which showed the alarm system to be in working order.

22. Following exposure, Wells complained that he had difficulty breathing, was coughing, and that his eyes and body experienced a burning sensation. Wells suffered acute injuries as a result of the exposure.

23. Wells was transported to the Camden Medical Center emergency room for treatment and evaluation, and he was released from the hospital within a number of hours.

24. Wells' coworkers, who were allegedly injured at Durango on June 2, 2000, brought a related civil action against Durango, seeking damages for the respiratory distress that they suffered.

25. In August 2006, those claims were tried to a jury, which returned a verdict finding that the plaintiffs were eighty percent comparatively negligent for their own injuries.

26. Transportation Insurance Company/CNA ("CNA") was the workers' compensation insurance carrier for NAK, Wells' employer.

27. CNA paid certain medical and indemnity benefits to, and on behalf of, Wells.

AO 72A
(Rev. 8/82)

## CONCLUSIONS OF LAW

1. To recover on a negligence claim under Georgia law, a plaintiff must prove four elements: duty, breach of duty, causation, and damages. <u>Ikola v. Schoene</u>, 264 Ga. App. 338, 341 (2003).

2. If both parties are negligent, but the plaintiff's negligence exceeds the defendant's negligence, then the plaintiff's greater negligence precludes his recovery.

3. Any negligence on Durango's part by releasing chlorine gas, or by failing to adequately warn Wells of the hazard he faced during the evacuation, is outweighed by Wells' own negligent conduct.

4. Wells' acute injuries are the result of his own carelessness in that he failed to put on the escape respirator and evacuated in the wrong direction. Had Wells exercised ordinary care for his own safety, he would not have been injured. Wells' comparative negligence precludes any recovery from Durango. Ga. Code Ann. § 51-11-7 (2000).

5. Wells failed to prove to a reasonable degree of medical probability that his chronic pulmonary injuries were caused by the gassing episode. <u>Lewis v. Smith</u>, 238 Ga. App. 6, 9 (1999). Wells has not presented sufficient evidence that

AO 72A
(Rev. 8/82)

he has suffered any permanent breathing impairment as a result of the chlorine gas exposure at Durango's plant.

6. Rather, any residual respiratory problem is, more likely than not, caused by his nearly thirty years of tobacco use.

7. CNA's subrogation claims are derivative of Wells' claim. Ga. Code Ann. § 34-9-11.1 (2004).

8. CNA does not possess any independent cause of action against Durango for the medical and indemnity benefits it paid to Wells. Ga. Code Ann. § 34-9-11.1 (2004); <u>Canal Ins. Co. v. Liberty Mut. Ins. Co.</u>, 256 Ga. App. 866, 869 (2002).

9. Under Georgia law, CNA may recover for its subrogation lien if and only if Wells has been "fully and completely compensated . . . for all economic and noneconomic losses incurred as a result of the injury." Ga. Code Ann. § 34-9-11.1 (2004).

AO 72A
(Rev. 8/82)

# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JOHN B. WELLS and<br>TRANSPORTATION INSURANCE<br>COMPANY/CNA, | :<br>:<br>: | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| DURANGO GEORGIA<br>PAPER COMPANY, | : | |
| | : | |
| Defendant. | | NO. CV202-085 |

### JUDGMENT

In accordance with the foregoing Findings of Fact and Conclusions of Law, judgment is hereby entered in favor of Defendant, Durango-Georgia Paper Company, and against Plaintiff, John B. Wells. Durango shall have and recover its costs of Court, and such costs to be taxed by the Clerk of Court.

For the reasons explained in the foregoing Conclusions of Law, Durango's motion for a Judgment as to CNA's claim regarding Wells is **GRANTED**. Dkt. No. 310. Durango's motion

AO 72A
(Rev. 8/82)

for a Judgment as to Wells' claim is **DENIED** in part, and **DISMISSED** as moot in part. Dkt. No. 310. While Durango is not entitled to a Judgment based on Wells' failure to prove causation, the Court has found that Wells did not prove, by a preponderance of the evidence, that he suffered any permanent pulmonary damage as a result of the exposure incident. On the other hand, because the Court found for Durango on liability grounds, it did not reach Defendant's arguments regarding the dearth of evidence presented by Plaintiff as to his damages. In accordance with the foregoing, Durango's motion for judgment as a matter of law is **DISMISSED** as moot. Dkt. No. 316.

**SO ORDERED**, this ___1st___ day of May, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)